**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **ERICK MANUEL ARRIETA BARRIOS,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**JEFFREY CRAWFORD, *Farmville Detention Center*, et al.,**<br><br>**Respondents.** | ) | **Civil No. 2:26cv628** |

**ORDER**

This matter is before the Court on Erick Manuel Arrieta Barrios's ("Petitioner") pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner alleges that (1) he is being improperly denied a bond hearing due to his classification as an immigration detainee under 8 U.S.C. § 1225(b), and (2) he is entitled to a bond hearing under § 1226(a). Id. at 6. On July 15, 2026, this Court issued an Order instructing the Federal Respondents to file any opposition to the Petition on or before July 22, 2026, and providing Petitioner the opportunity to file a reply brief on or before August 3, 2026. ECF No. 6, at 2.

On July 21, 2026, the Federal Respondents filed an opposition brief indicating that Petitioner is not being held pursuant to 8 U.S.C. § 1225(b) as he contends. ECF No. 7. In fact, Respondents agree that Petitioner is eligible for consideration for a discretionary bond under § 1226(a), but represent that: (1) Petitioner has not exercised his right to request a bond hearing; and (2) "If and when he files such a request for bond, Federal Respondents will promptly facilitate the scheduling of a bond hearing." Id. at 2-3. In support of their position, Federal Respondents provide exhibits as well as a sworn declaration indicating, among other things, that Petitioner "ha[d] not requested a bond hearing" as of the date the declaration was signed. ECF No. 7-1, at 3.

Petitioner's time period for filing a reply brief has now expired, and Petitioner has failed to offer any evidence or argument contesting the facts as presented by Respondents. Because Petitioner has not contested Respondents' sworn evidence or exhibits, and because Respondents agree that Petitioner is eligible for a § 1226(a) bond hearing, Petitioner's motion seeking a ruling from this Court compelling Respondents to conduct a Rule 1226(a) bond hearing (absent any administrative request for such a hearing) lacks merit.

Based on the unrefuted evidence presented by Respondents, Petitioner's § 2241 motion is **DENIED**. ECF No. 1. Petitioner's habeas case shall be closed by the Clerk.

Entered this 6th day of August, 2026.

/s/

Mark S. Davis
United States District Judge